[Cite as *State v. Kennedy*, 2012-Ohio-5215.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO                                           :
                                                                      :          Appellate Case No.   25037
          Plaintiff-Appellee                           :
                                                                      :          Trial Court Case No. 11-CR-1268
v.                                                                 :
                                                                      :
EXCO T. KENNEDY                                   :          (Criminal Appeal from
                                                                      :           Common Pleas Court)
          Defendant-Appellant                     :
                                                                      :

· · · · · · · · · · ·

O P I N I O N

Rendered on the 9th day of November, 2012.

· · · · · · · · · · ·

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS,   Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, Post Office Box 972, 301 West Third Street, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellee

MICHAEL C. THOMPSON, Atty. Reg. #0041420, 5 North Williams Street, Wright-Dunbar Business Village, Dayton, Ohio 45402-2843
          Attorney for Defendant-Appellant

· · · · · · · · · · · · ·

FAIN, J.

{¶ 1}     Defendant-appellant Exco T. Kennedy appeals from an award of restitution, in

the amount of $1,660, as part of his sentence for Unauthorized Use of a Motor Vehicle.   We

agree with Kennedy that a statement in a pre-sentence investigation report that $1,660 represents the Blue Book value of the property (a 2000 Ford Taurus) that was the basis for Kennedy's criminal act, without more, is insufficient to support the award.

{¶ 2} The award of restitution is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for a hearing on the restitution issue.

## I. The Course of Proceedings

{¶ 3} Kennedy was charged by indictment with one count of Grand Theft (auto), in violation of R.C. 2913.02(A)(2), a felony of the fourth degree. Kennedy ultimately pled no contest to the lesser-included offense of Unauthorized Use of a Motor Vehicle, in violation of R.C. 2913.03(A), a misdemeanor of the first degree.

{¶ 4} The trial court scheduled a hearing for restitution and sentencing, but Kennedy did not appear, and a capias was issued for his arrest. No restitution hearing was held. Some time later, Kennedy was arrested, and he appeared for sentencing

{¶ 5} At the sentencing hearing, a different trial judge presided. He appears from the record to have been under the impression that a restitution hearing was held, that Kennedy did not appear at the hearing, and that the notes of the trial judge presiding at the restitution hearing reflected $1,660 as the amount of restitution.

{¶ 6} Kennedy protested that there had been no restitution hearing, and objected to the award. The trial court gave Kennedy the option of continuing the sentencing hearing and letting the original trial judge hold the hearing. The trial court also gave Kennedy the option

of proceeding, in which event restitution would be ordered in the amount of $1,660, and later petitioning the court "for adjustment."

{¶ 7} After consultation with defense counsel, the following colloquy occurred:

MS. VERNEKAR [representing Kennedy]: And, Your Honor, Kimberly Vernekar filling in for Mr. Hart. We are here today for probation reports. It's my understanding the defendant has already tendered a plea of guilty[1]; is that – that's correct? I'm not sure when that was.

But we would proceed with sentencing today. We would just note for the record that we are objecting to the – the restitution amount. And if whatever goes to counsel of record, we'll review what happens, because I don't know if there was actually evidence presented at the hearing. We might petition the Court to amend that amount at a later date.

THE COURT: Okay. So, the record is clear, if the Court proceeds to sentencing, there is going to be an order of restitution in this matter as set forth in the pre-sentence investigation. There is a note in the file, and only a note, that indicates there was a restitution hearing on September 30th. The Court has no knowledge of whether or not that actually took place or not.

If there is any adjustment of this matter, and I'm not saying there would be, you would have to file a petition with Judge Dankof to consider. But if we proceed today, then there would be an order of restitution as set forth in the pre-sentence investigation.

---

[1] Kennedy actually pled no contest.

The other option is if you would like to continue this matter until next week, I would grant you at least [sic] continuance back on Judge Dankof's docket.

MS. VERNEKAR: Mr. Kennedy, do you understand those options?

THE DEFENDANT: Yes, I do.

MS. VERNEKAR: How do you wish to proceed then?

THE DEFENDANT: I would like to get it done today.

MS. VERNEKAR: Your Honor, we'd just note our objection to the restitution.

THE COURT: I would note that.

But, sir, you understand the Court is going to order that and actually the amount is $1,660. Do you understand that, that I'm going to order?

THE DEFENDANT: Yes.

THE COURT: Okay. And you still wish to proceed; is that correct?

THE DEFENDANT: Yes.

{¶ 8} The pre-sentence investigation report contains the following in the victim impact statement under the heading "Economic Loss": "$1,660. This amount represents the Kelly Blue Book value of [the victim's] 2000 Ford Taurus. This information has been verified." There is no other information in the pre-sentence investigation report concerning restitution other than a recommendation that restitution be ordered in the amount of $1,660, to be paid on a schedule of $30 a month.

{¶ 9} The trial court sentenced Kennedy to community control sanctions for a period not to exceed five years, and ordered restitution in the amount of $1,660, to be paid on a schedule of $30 per month. From the award of restitution, Kennedy appeals.

**II.   The Trial Court Erred in Ordering Restitution in an Amount**

**Not Supported by Proper Evidence at a Restitution Hearing**

{¶ 10}   Kennedy's sole assignment of error is as follows:

THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS AND ABUSED ITS DISCRETION IN AWARDING RESTITUTION THAT WAS NOT BASED ON ECONOMIC LOSS WHICH WAS A DIRECT AND PROXIMATE RESULT OF THE COMMISSION OF THE UNDERLYING OFFENSE OF THE APPELLANT.

{¶ 11}   Kennedy summarizes his argument as follows: "The trial court ordered the Appellant to pay restitution of $1,660.00 without knowledge of a restitution hearing, and consequently without knowledge of the economic loss and whether it was a direct and proximate result of the commission of the crime."

{¶ 12}   At the sentencing hearing, as can be seen from the colloquy quoted in Part I, above, Kennedy was given the option of proceeding, or of waiting for the original trial judge to consider, or reconsider, the issue of restitution.   He elected to proceed to sentencing.   But by objecting to the amount of restitution, noting that it was not clear that evidence had been presented at a hearing, Kennedy preserved that issue for appellate review.

{¶ 13}   The State cites *State v. Williams*, 34 Ohio App.3d 33, 516 N.E.2d 1270 (2d Dist.1986), which we find instructive.   In that case, at 34-35, we reversed an award of restitution where the amount of restitution was based upon a victim impact statement prepared

by the county probation department:

The victim impact statement involved in the present action failed to itemize the economic loss suffered as a result of the offense. The only evidence of loss was a statement by the victim's father to the probation officer that hospital, medical and funeral expenses totalled between $9,000 and $10,000.

We find the restitution order sub judice cannot stand because there must be a due process ascertainment that the amount of restitution bears a reasonable relationship to the loss suffered. See *State v. Trivedi* (1982), 8 Ohio App.3d 412, 416, 8 OBR 534, 539, 457 N.E.2d 868, 873.

The sums claimed were never identified with certainty prior to the order of restitution. The figures presented to the court were simply estimated. This fact is evidenced by the $1,000 range in the sum representing the actual losses.

This court is not disputing that substantial economic loss was suffered by the victim's family as a result of the tragic incident. However, the types of losses claimed could readily have been substantiated by submission of bills or statements showing that the expenses were incurred. In many instances, the bills or statements could be attached to the victim impact statement, where one is prepared. *See State v. D'Andrea* (Dec. 8, 1982), Hamilton App. No. C-820036, unreported.

Similarly, as in the case of demonstrating medical and funeral expenses incurred in personal injury or wrongful death actions, the bills or statements themselves would be prima facie evidence of the reasonableness of the expenses

incurred.   See R.C. 2317.421.

Accordingly, we find the trial court abused its discretion in ordering restitution in an amount which had not been determined to bear a reasonable relationship to the actual losses suffered.   The order of restitution is set aside and we remand the cause for resentencing according to law and consistent with this decision.

{¶ 14}   In the case before us, we do not know where the information concerning the amount of the victim's loss came from other than that it may have come from the "Kelly Blue Book," and it "has been verified."   Elsewhere in the pre-sentence investigation report, it is stated that the victim "stated he never returned the vehicle."   Kennedy never had an opportunity to rebut this at a hearing, although the pre-sentence investigation report quotes him as saying that "the victim and her friend took the vehicle while he was in jail and junked the car."

{¶ 15}   More importantly, Blue Book values depend upon the condition of the vehicle.  There is no indication in the victim impact statement of the condition that was used to generate the Blue Book value.   The report of the offense indicates that Kennedy obtained the car from the victim for the expressed purpose of having it repaired.   Kennedy himself is quoted in the pre-sentence investigation report as saying that the car "didn't work," and "was a piece of junk."

{¶ 16}   The State also cites *State v. Warner*, 55 Ohio St.3d 31, 564 N.E.2d 18 (1990), for the proposition that: "An order of restitution must be supported by competent, credible evidence in the record."   Significantly, in that case the trial court conducted a hearing on the issue of restitution and took evidence.   *Id.*, at 69.

{¶ 17} We agree with Kennedy that the restitution in this case was awarded without due process, not having been based upon competent and credible evidence at a hearing. Kennedy's sole assignment of error is sustained.

### III. Conclusion

{¶ 18} Kennedy's sole assignment of error having been sustained, the award of restitution is Reversed; the judgment of the trial court is Affirmed in all other respects; and this cause is Remanded for a hearing on the issue of restitution.

. . . . . . . . . . . . .

DONOVAN, J., concurs.

HALL, J., concurring:

{¶ 19} The defendant's original "sentencing and hearing on restitution" was set for 9:30AM on 9/30/11 by an order of appearance filed on September 2, 2012. The defendant failed to appear. Our record does not demonstrate that a hearing on restitution was conducted at that time. If it had been, I might be inclined to conclude that the defendant's voluntary absence waived his ability to now challenge the restitution order.

{¶ 20} However, the trial court was also constrained by statute. R.C.2929.18(A)(1) states:

> If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. * * * [T]he court may base the amount of restitution it orders on * * * a presentence investigation report * * *. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶ 21} This raises three issues. First, I don't believe an evidentiary hearing on the amount of restitution is required to be conducted at sentencing as long the defendant has had an opportunity to be heard, and the court indicates, and imposes, the determined amount of restitution at sentencing. Second, because restitution must be imposed at sentencing and because everyone concerned may not know whether there will be a dispute as to the amount until sentencing, and because witnesses or information may not be readily available, I can envision that the court could proceed with sentencing, impose restitution in the full amount requested and reserve to the defendant, victim or survivor the right to have a subsequent hearing, before journalization of judgment, for presentation of evidence to correct the restitution amount. Otherwise sentencing could be delayed or frustrated simply by the defendant disputing the amount at the last instant. Third, if the court is statutorily permitted to set the amount of restitution based on a presentence report, and if that report refers to Blue Book value for loss of an automobile (which would otherwise be admissible under Evid. R. 803(17)), that information alone is sufficient to set restitution if not disputed. Moreover, the rules of evidence do not even apply to a restitution hearing. Evid. R. 101(C).

{¶ 22} Nonetheless, in the final analysis, the defendant disputed the amount of restitution at the sentencing and by statute (R.C.2929.18(A)(1)) the sentencing court was required to conduct a "hearing" thereon. Accordingly I concur with my colleagues.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck, Jr.
Michele D. Phipps
Michael C. Thompson
Hon. Steven K. Dankof