[Cite as *State v. Colburn*, 2013-Ohio-4662.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13-CA-5 |
| | : | |
| GARY W. COLBURN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 12 CR 00539




JUDGMENT:                       AFFIRMED




DATE OF JUDGMENT ENTRY:         October 11, 2013




APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

KENNETH W. OSWALT                       ERIC W. BREHM
LICKING CO. PROSECUTOR                  604 E. Rich St., Suite 2100
CHRISTOPHER A. REAMER                   Columbus, OH 43215
20 S. Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Gary W. Colburn appeals from the judgment entry of conviction entered on December 14, 2012 in the Licking County Court of Common Pleas. Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} This case arose on October 5, 2012 around 1:00 a.m. when Officer Corey Tyson of the Newark Police Department was on routine patrol. On Third Street south of Church, in the city of Newark, Licking County, Tyson noticed a green Plymouth Grand Voyager minivan with no headlights on. He advised dispatch he would be stopping the vehicle and radioed the license plate number.

{¶3} Tyson stopped the van and made contact with the driver and front-seat passenger; both seemed "agitated." The driver of the van, appellant, identified himself as "David Colburn" and provided a social security number but no driver's license or other physical form of identification. Tyson discovered that "David Colburn's" operator's license was suspended and planned to cite the driver for D.U.S. The passenger, later identified as Kenneth Thomas, kept trying to get out of the van and had to be told to stay put.

{¶4} Another Newark police officer, Jonathan Bell, arrived on the scene to assist Tyson and began the process of impounding the van. From dispatch, Bell learned the plates on the van did not match the vehicle. Bell ran the VIN instead and learned the van had been reported stolen in Adrian, MI.

{¶5} Tyson placed appellant under arrest and questioned him regarding the stolen van. Appellant said he had been at the Blue Raccoon bar earlier that night and

met Kenneth Thomas. First appellant said he hitchhiked to the bar, and then he said his girlfriend dropped him off there. Once at the bar, he met Thomas. Appellant claimed Thomas had the van and offered to drive the pair elsewhere. Tyson confronted appellant about his changing stories and appellant said "OK, you got me, take me to jail." Tyson asked what he meant and appellant replied "You figure it out."

{¶6} Tyson still believed appellant to be "David Colburn." As he prepared the citation for the DUS, however, he realized the physical description of "David Colburn" did not match appellant. Tyson printed photos of David Colburn and Gary Colburn and identified appellant as Gary. Tyson approached the holding cell containing appellant and yelled "Hey, Gary," and appellant responded "What?" Tyson asked him if his name was really Gary Colburn and appellant responded "You figure it out."

{¶7} In the meantime, the green van was impounded and searched, and the search yielded a motel key for the Downtown Motel in Coshocton, Ohio. The motel owner testified appellant registered there on October 3 under the name of Gary Colburn.

{¶8} Appellee presented the testimony of Douglas Barnes, a MI resident who lives about ten minutes from Adrian. Barnes is the owner of the green Plymouth Voyager van and testified he was in the process of selling it to Dan Thompson of Maple Motors in Adrian. Barnes dropped off the van at Maple Motors sometime during the last week of September 2012 and was awaiting an offer from Thompson. Thompson called about a week later to say the key was missing, so Barnes dropped off a copy of the key on October 1, 2012. Barnes observed the van on the lot at Maple Motors that day.

{¶9} Barnes did not give anyone permission to take the van from Maple Motors or to use the van to drive to Ohio. He has never met appellant and did not give him permission to drive the van. After the van was recovered, Barnes picked it up from the Newark impound lot and eventually consummated the sale to Thompson and Maple Motors.

{¶10} Appellant was charged with one count of receiving stolen property, a felony of the fourth degree, and one count of falsification, a misdemeanor of the first degree. He entered pleas of not guilty and the case was scheduled for jury trial. Immediately prior to trial, appellant's trial counsel moved to withdraw and appellant moved to represent himself. The trial court questioned appellant and advised him of his rights before finding he was able to represent himself. Defense trial counsel was appointed standby counsel.

{¶11} Appellee's evidence consisted of the facts described above. Appellee also called Kenneth Thomas as a witness, who testified he met appellant in the Blue Raccoon and asked him for a ride downtown. Thomas stated appellant had the van and drove it that night; he had never met appellant before and didn't know anything about the van being stolen.

{¶12} Appellee also called a social worker from the county jail who testified appellant told him he was improperly charged with receiving stolen property because in his understanding, he didn't "receive" the van, he stole it, and felt he should have been charged with theft in MI and not in Ohio. Appellant told the social worker he knows Dan Thompson, the car lot owner, and was able to take the key, make a copy, and later

drive off in the van.  Appellant said he had "permission" from Thompson to drive the van at one point but later took it without "permission."

{¶13} Appellee rested and appellant did not present any witnesses.  He attempted to introduce a cell phone into evidence which he claimed would show a number of calls from Dan Thompson, the owner of Maple Motors.  The trial court explained appellant could not introduce the exhibit on its own without any supporting witness.  Appellant then rested.

{¶14} The trial court and the parties discussed the proposed jury instructions; appellant sought an instruction on the lesser-included offense of unauthorized use of a motor vehicle and appellee objected, arguing appellant had presented no evidence that would support the lesser-included offense.  The parties then debated the appropriate code section for unauthorized use and appellant offered a police report from Adrian, MI to establish when the van was reported stolen.  The trial court ruled the MI police report had not been admitted into evidence and was inadmissible hearsay.

{¶15} In his closing argument, appellant argued he took the van with Dan Thompson's "permission," for unspecified "illegal purposes."  He admitted giving a false name to police because he didn't want them to find out about outstanding warrants he had.

{¶16} The jury was instructed upon receiving stolen property [R.C. 2913.51(A)]; the lesser-included offense of unauthorized use of property [R.C. 2913.03(B)]; and falsification [2921.13(A)(3)].  The MI police report came up again when the jury posed a question during deliberations.  The jury sent out a question stating "Need copy of

Michigan police report," and the trial court responded it was neither marked as an exhibit nor admitted into evidence, so it would not be provided to them.

{¶17} Appellant was thereupon found not guilty of receiving stolen property, guilty of unauthorized use of a motor vehicle, and guilty of falsification. The trial court sentenced appellant to an aggregate prison term of 11 months.

{¶18} Appellant now appeals from the judgment entry of his conviction and sentence.

{¶19} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶20} "I. THE TRIAL COURT DID ERR BY FAILING TO ADMIT A COPY OF THE POLICE REPORT.  (T. P. 148)."

{¶21} "II. THE TRIAL COURT DID ERR WHEN IT ENTERED JUDGMENT AGAINST THE DEFENDANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION AND WAS NOT SUPPORTED BY THE MANIFEST WEIGHT OF THE EVIDENCE.  (T. PP. 82-133)."

**ANALYSIS**

I.

{¶22} In his first assignment of error, appellant argues the trial court erred in refusing to admit the MI police report during the parties' argument about instructing the jury on the lesser-included offense of unauthorized use of a motor vehicle.  We disagree.

{¶23} The admission or exclusion of evidence is a matter left to the sound discretion of the trial court.  Absent an abuse of discretion resulting in material prejudice

to the defendant, a reviewing court should be reluctant to interfere with a trial court's decision in this regard. *State v. Hymore*, 9 Ohio St.2d 122, 128, 224 N.E.2d 126 (1967).

{¶24} R.C. 2945.10(C) specifies the order of proceedings at trial: "The state must first produce its evidence and the defendant shall then produce his evidence." "The state will then be confined to rebutting evidence, but the court, for good reason, in furtherance of justice, may permit evidence to be offered by either side out of its order." R.C. 2945.10(D).   Appellant sought to admit the MI police report after the evidence was closed and both sides had rested. A trial court does have discretion to have admit evidence out of order, *State v. Filiaggi*,  86 Ohio St.3d 230, 241-242, 714 N.E.2d 867 (1999), cert. denied in *Filiaggi v. Ohio*, 528 U.S. 1090, 120 S.Ct. 821, 145 L.Ed.2d 691 (2000), but in this case appellant sought to admit the evidence after both sides had rested.   Appellant would have to demonstrate the trial court's refusal to admit the report constitutes an abuse of discretion, which would be "more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id., citing *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).   Appellant has not met that burden in this case.   In light of appellant's admissions, the trial court's decision not to admit the report did not result in prejudice to appellant.

{¶25} Moreover, the trial court specifically declined to admit the MI police report on the basis that it is inadmissible hearsay.  It is well established that police reports are generally inadmissible hearsay and should not be submitted to the jury. *State v. Granderson*, 177 Ohio App.3d 424, 894 N.E.2d 1290, 2008-Ohio-3757 (5th Dist.), ¶ 77, citing *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229.  In this

case, particularly, appellant sought to admit the report alone, absent any foundation. The trial court did not abuse its discretion in refusing to admit the police report.

{¶26} Appellant's first assignment of error is overruled.

II.

{¶27} In his second assignment of error, appellant argues his conviction for unauthorized use of a motor vehicle in violation of R.C. 2913.03(B) is against the manifest weight and sufficiency of the evidence. We disagree.

{¶28} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶29} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence,

the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, supra, 78 Ohio St.3d at 387.  Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶30} Appellant was convicted upon one count of unauthorized use of a motor vehicle pursuant to R.C. 2913.03(B), which states: "No person shall knowingly use or operate an aircraft, motor vehicle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent, and either remove it from this state or keep possession of it for more than forty-eight hours."  Barnes, the owner of the van, testified he dropped the van off at Maple Motors sometime during the last week of September, 2012.  On October 1, 2012, Barnes dropped off an extra key for the van and saw the van on the lot.  Appellant checked into the Downtown Motel in Coshocton, Ohio on October 3, 2012, and noted the van as his vehicle on the motel registration form.  Appellant was stopped driving the van in Licking County, Ohio, on October 5, 2012.  We find the jury could reasonably conclude from this evidence appellant kept possession of the van for longer than 48 hours.

{¶31} Appellant's conviction is supported by sufficient evidence and is not against the manifest weight of the evidence.  Appellant's second assignment of error is overruled.

## CONCLUSION

{¶32} Appellant's two assignments of error are overruled and the judgment of

the Licking County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Hoffman, P.J.

Wise, J., concur.

 

 
 

HON. PATRICIA A. DELANEY

 

 
 

HON. WILLIAM B. HOFFMAN

 

 
 

HON. JOHN W. WISE