[Cite as *State v. Moore*, 2023-Ohio-3318.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220421<br>TRIAL NO. 20TRD-25158C |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| MALIJAH MOORE, | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 20, 2023


*Emily Smart Woerner*, City Solicitor, and *Phoebe Cates*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    Malijah Moore appeals from the trial court's order of restitution, as part of her sentence, arguing that the amount of restitution ordered does not bear a reasonable relationship to the actual loss suffered because the order was based on the replacement value of the vehicle rather than the economic loss.   For the following reasons, we reverse the judgment of the trial court and remand the cause for a new restitution hearing.

## Background

{¶2}    On November 15, 2020, Malijah Moore rear-ended Henry Benefield's 2007 Toyota Prius and drove away without stopping.  She was cited for failing to maintain an assured clear distance, operating a motor vehicle without a valid license, and failing to stop after an accident.  On July 13, 2022, the court dismissed the violations for assured clear distance and operating without a valid license for want of prosecution.  The city amended the charge of leaving the scene of an accident to a criminal-damaging charge in exchange for a guilty plea.

{¶3}    The court accepted the plea, and the state requested restitution for the vehicle.  Because the damage caused to the vehicle Benefield was driving exceeded the value of the vehicle, he purchased a replacement vehicle.  At the time of the accident, Benefield only had liability insurance on the vehicle, so his insurance company did not reimburse him for his loss.  Moore requested a restitution hearing, and the court continued the sentencing and ordered a victim-impact statement.

{¶4}    Moore did not appear for the restitution hearing.  The court issued a capias for Moore, and informed Benefield, who was present, that the prosecutor would notify him when a new court date was scheduled.  Moore appeared that afternoon, and

2

defense counsel represented that he was ready to proceed with sentencing, after acknowledging that Benefield was no longer present.

**{¶5}** The victim-impact statement contained a restitution request in the amount of $5,593.36, which was the cost to replace the 2007 Toyota Prius with a 2008 Toyota Prius. The receipt for the vehicle that Benefield had purchased was included and documented that Benefield purchased a 2008 Toyota Prius Hatchback with an odometer reading of 188,923 miles. The vehicle was purchased on March 17, 2021, approximately four months after the accident.

**{¶6}** The victim-impact statement also included a print-out from the Kelley Blue Book website to compare the requested restitution amount of $5,593.36 to the value of a 2007 Toyota Prius Hatchback. The print-out reflected a private party range value of $3,870-$6,485, and a value of $5,178 for a 2007 Prius vehicle in good condition. The print-out did not include the mileage of the vehicle valued at $5,178 and was printed on August 8, 2022, one day before the sentencing hearing. According to the report, Benefield was interviewed on July 19, 2022.

**{¶7}** The traffic crash report was attached to the victim-impact statement. The report indicated that the 2007 Toyota Prius suffered functional damage to the rear of the vehicle, and not disabling damage. The vehicle did not need to be towed from the scene.

**{¶8}** The trial court ordered Moore to pay restitution in the amount of $5,593.36, the value of the replacement vehicle, because Benefield was required to purchase a new vehicle.

**{¶9}** Moore now appeals, arguing that the court erred by basing the restitution amount on the value of the replacement vehicle instead of the victim's

economic loss.

### Law and Analysis

{¶10} "An appellate court reviews a trial court's award of restitution in a misdemeanor case for an abuse of discretion." (Citations omitted.) *State v. Miles*, 1st Dist. Hamilton No. C-210226, 2021-Ohio-4581, ¶ 5. "A trial court abuses its discretion by ordering restitution in an amount that does not bear a reasonable relationship to the actual loss suffered." *In re A.B.*, 1st Dist. Hamilton No. C-210010, 2021-Ohio-4273, ¶ 8, citing *In re M.N.*, 1st Dist. Hamilton No. C-160522, 2017-Ohio-7302, ¶ 8. "In addition, a court abuses its discretion if the award of restitution is not supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty." *State v. Caldwell*, 2023-Ohio-355, 207 N.E.3d 928, ¶ 14 (4th Dist.).

{¶11} Under R.C. 2929.28(A)(1), a court may award restitution to the victim of the offender's crime, in an amount based on the victim's economic loss. "Economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense." R.C. 2929.01(L). "The State bears the burden of establishing the restitution amount." *Caldwell* at ¶ 16, quoting *State v. Turner*, 2d Dist. Champaign No. 2017-CA-15, 2018-Ohio-2860, ¶ 9, citing *State v. Granderson*, 177 Ohio App.3d 424, 2008-Ohio-3757, 894 N.E.2d 1290 (5th Dist.).

{¶12} The damage to a vehicle may be determined by estimates demonstrating the reasonable cost to repair the vehicle. *Id.* at ¶ 17, citing *Falter v. Toledo*, 169 Ohio St. 238, 240, 158 N.E.2d 893 (1959). However, when a vehicle has been totally destroyed, "the measure of damages is its reasonable market value immediately before destruction." *Id.*, quoting *Falter* at 240. "[W]hen the cost to repair the vehicle exceeds

its value, then the owner's damages are limited to the value of the vehicle immediately prior to the accident." *Id.* at ¶ 22.

{¶13} In this case, the trial court awarded a restitution amount that was based on the cost of the replacement vehicle. However, the restitution amount should have been limited to the fair market value of the 2007 Prius "immediately prior to the accident." *Id.* Thus, the trial court abused its discretion by ordering an amount of restitution that exceeded the economic loss that Benefield incurred as a proximate result of Moore's criminal conduct.

{¶14} Moore further argues that the record contains no competent, credible evidence to establish the market value of the 2007 Prius prior to the accident. The victim-impact statement contains a blue book value for a 2007 Prius in good condition. However, that estimate was provided solely to justify the cost of the replacement vehicle, and does not purport to reflect the actual value of Benefield's 2007 Prius prior to the accident. The estimated blue book value does not indicate the mileage used to determine the value of a 2007 Prius or that the value was generated based upon any information provided by Benefield regarding the condition of his vehicle prior to the accident. The record contains no competent and credible evidence to establish the market value of Benefield's 2007 Prius prior to the car accident. *See State v. Kennedy*, 2d Dist. Montgomery No. 25037, 2012-Ohio-5215, ¶ 14-16 (holding the blue book value of the damaged vehicle was not supported by competent and credible evidence where the victim-impact statement did not indicate the source of the information used to generate the report.).

{¶15} Accordingly, we sustain the assignment of error.

## Conclusion

5

{**¶16**}   Having sustained the sole assignment of error, we reverse the judgment of the trial court and remand the cause to the trial to conduct a restitution hearing.

Judgment reversed and cause remanded.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:
The court has recorded its own entry this date.