[Cite as *State v. Kennedy*, 2017-Ohio-26.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NOS. 2016-CA-15 and |
| | : | 2016-CA-16 |
| v. | : | |
| | : | T.C. NOS.   15CR309 and 15CR122 |
| THERESA B. KENNEDY | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : |  Common Pleas Court) |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___6th___ day of _____January_____, 2017.

. . . . . . . . . . .

NATHANIEL R. LUKEN, Atty. Reg. No. 0087864, Assistant Prosecutor, 61 Greene Street, Xenia, Ohio 45385
        Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 W. Second Street, Suite 706, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Teresa B. Kennedy appeals from her convictions, on her guilty pleas, in two separate cases.  In Case No. 2015 CR 122, Kennedy pled guilty to aggravated possession of drugs; the trial court sentenced Kennedy to 36 months in prison, to be served concurrently with the sentence in Case No. 2015 CR 309.   In Case No. 2015 CR

309, Kennedy pled guilty to engaging in a pattern of corrupt activity, inducing panic, forgery, theft, grand theft (auto), receiving stolen property, three counts of grand theft (firearms), and four counts of burglary; eight additional charges were dismissed. Kennedy received a combination of concurrent and consecutive sentences for those offenses, totaling 16 years in prison. The court also ordered Kennedy to pay restitution and court costs.

{¶ 2} Although Kennedy appeals from her convictions in both cases, her assignments of error relate only to Case No. 2015 CR 309. Accordingly, we will affirm the trial court's judgment in Case No. 2015 CR 122 without further discussion.

{¶ 3} With respect to Case No. 2015 CR 309, Kennedy claims that the trial court erred in imposing consecutive sentences without making the necessary statutory findings and that the trial court erred in imposing restitution. For the following reasons, the trial court's judgment in Case No. 2015 CR 309 will be reversed in part, and the matter will be remanded for further proceedings consistent with this opinion, as detailed below.

### I. Consecutive Sentences

{¶ 4} In her first assignment of error, Kennedy claims that the trial court erred in imposing consecutive sentences without making statutory findings.

{¶ 5} On December 17, 2015, Kennedy pled guilty to 13 charges, and the State agreed to dismiss an additional eight charges. The plea agreement did not include an agreement as to Kennedy's sentence. However, the State agreed not to ask for a sentence exceeding 20 years and that it would recommend that any sentence imposed in the case (Case No. 2015 CR 309) run concurrently to the sentence imposed in Case No. 2015 CR 122.

{¶ 6} The court resolved the 13 charges to which Kennedy pled guilty, as follows:

| I | Engaging in a pattern of corrupt activity | 2923.32(A)(1) | F1 | 10 years |
|---|---|---|---|---|
| II | Burglary | 2911.12(A)(1) | F2 | 5 years |
| III | Grand theft (firearm) | 2913.02(A)(1) | F3 | 36 months |
| VI | Grand theft (auto) | 2913.02(A)(1) | F4 | 18 months |
| VIII | Burglary | 2911.12(A)(3) | F3 | 36 months |
| IX | Grand theft (firearms) | 2913.02(A)(1) | F3 | 36 months |
| XI | Receiving stolen property | 2913.51(A) | F5 | 12 months |
| XII | Burglary | 2911.12(A)(2) | F2 | 5 years |
| XVI | Burglary | 2911.12(A)(2) | F2 | 5 years |
| XVII | Grand theft (firearms) | 2913.02(A)(1) | F3 | 36 months |
| XIX | Theft | 2913.02(A)(1) | F5 | 12 months |
| XX | Forgery | 2913.31(A)(3) | F5 | 12 months |
| XXI | Inducing panic | 2917.31(A)(1) | F2 | 6 years |

All counts were ordered to be served concurrently with each other, with the exception that Counts I (engaging in a pattern of corrupt activity) and XXI (inducing panic) were to be served consecutively, for an aggregate sentence of 16 years in prison.

{¶ 7} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or

was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 8} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2), rather than an abuse of discretion standard. *See State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 9} In ordering Counts I and XXI to be served consecutively, the trial court made no findings at the sentencing hearing, as required by R.C. 2929.14(C)(4), and no statutory findings were included in the trial court's judgment entry. Consecutive sentences were not mandatory in this case, and there was no jointly-recommended sentence.

{¶ 10} In its appellate brief, the State agrees with Kennedy that the trial court was required to make findings under R.C. 2929.14(C)(4) and that the court failed to do so. Accordingly, the parties agree that the trial court's imposition of consecutive sentences

must be reversed, and that the matter should be remanded for resentencing. We agree with the parties' assessment.

{¶ 11} Kennedy's first assignment of error is sustained.

## II. Restitution

{¶ 12} Kennedy's second assignment of error claims that the trial court erred "when it ordered Kennedy to pay two restitution amounts."

{¶ 13} R.C. 2929.18(A)(1) allows a trial court to order, as a financial sanction, an amount of restitution to be paid by an offender to his victim "based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount." *Id.*

{¶ 14} A defendant who does not dispute an amount of restitution, request a hearing, or otherwise object waives all but plain error in regards to the order of restitution. *State v. Woods*, 2d Dist. Clark No. 2015-CA-75, 2016-Ohio-1103, ¶ 12.

{¶ 15} Kennedy's plea agreement with the State provided that she agreed "to total restitution of $19,110.19, with her share being $7,036.73." The record reflects that Kennedy had a co-defendant, who presumably would be responsible for the balance.

{¶ 16} During the sentencing hearing, the trial court imposed restitution, as follows:

THE COURT: The Court has considered the Defendant's present and future ability to pay financial sanctions. Pursuant to Ohio Revised Code section 2929.18(D), the Court imposes a financial sanction of restitution as an order in favor of the victims of Defendant's criminal acts in the amount of – and correct me, if I'm wrong, counsel -- $19,110.19. Is that your understanding, [Prosecutor]?

PROSECUTOR: That's correct, Your Honor.

THE COURT: [Defense counsel]?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: Thank you. That amount can be collected through execution as described in Division (D)(1) of Ohio Revised Code section 2929.11(A).

[DEFENSE COUNSEL]: Your Honor, if I may. That is the total restitution figure between the two parties?

THE COURT: That's correct.

[DEFENSE COUNSEL]: Okay.

THE COURT: The Defendant shall be considered for purpose of collection as a judgment debtor. The Defendant is ordered to pay restitution of $7,036.73. * * * Pursuant to O.R.C. 2929.18(A)(1), the Defendant is ordered to pay 5% surcharge on the amount of restitution payable to the Clerk of Courts for collecting restitution payments.

{¶ 17} The trial court's judgment entry imposed restitution as stated at the sentencing hearing. (The trial court indicated at the sentencing hearing that it was

reading the entry into the record.)

{¶ 18} Kennedy agreed in her plea agreement to the total amount of restitution and to her share of that total that she was required to pay. Defense counsel asked for a clarification at sentencing as to whether $19,110.19 reflected the total restitution owed by Kennedy and her co-defendant, but defense counsel did not object to the inclusion of both amounts in her sentence.

{¶ 19} Upon review of the sentencing hearing, the trial court may have been trying to say that the victims of Kennedy's offenses had incurred an economic loss of $19,110.19, for which Kennedy should be considered a judgment debtor, and that she was required to pay as restitution the amount of $7,036.73, which was her share of the total economic loss. However, by stating that "the Court imposes a financial sanction of restitution as an order in favor of the victims of Defendant's criminal acts in the amount of * * * $19,110.19," the trial court ordered Kennedy to pay restitution in that amount. The court's separate order that Kennedy pay "restitution of $7,036.73" is a second order of restitution, and it is not clear from the judgment's wording that the $7,036.73 represented the portion of the $19,110.19 that Kennedy was required to pay. Thus, the judgment entry, as worded, imposed two orders of restitution, arguably totaling $26,146.92, which is inconsistent with the plea agreement, the trial court's intended restitution order, and the victim's apparent economic loss. For these reasons, we conclude that the trial court's order of restitution constitutes plain error.

{¶ 20} Kennedy's second assignment of error is sustained.

### III. Conclusion

{¶ 21} The trial court's judgment in Case No. 2015 CR 122 will be affirmed in its

entirety.

{¶ 22} In Case No. 2015 CR 309, the trial court's imposition of consecutive sentences will be reversed, and the matter will be remanded to the trial court to consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, to enter the proper findings on the record and in the judgment entry.   In addition, the trial court's order of restitution will be reversed, and the matter will be remanded for resentencing on restitution.   In all other respects, the trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and WELBAUM, J., concur.

Copies mailed to:

Nathaniel R. Luken
Robert Alan Brenner
Hon. Michael A. Buckwalter