[Cite as *State v. Powell*, 2017-Ohio-569.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-5 |
| | : | |
| v. | : | T.C. NO. 15CR233 |
| | : | |
| EDDY W. POWELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the ____17th____ day of _____February_____, 2017.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, 200 N. Main Street, #102, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

MARCY VONDERWELL, Atty. Reg. No. 0078311, 120 W. Second Street, Suite 333, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Eddy Williams Powell pled guilty in the Champaign County Court of Common Pleas to one count of sale of dangerous drugs, five counts of possession of dangerous drugs, and one count of possession of drugs.  Powell was sentenced to an aggregate term of 18 months in prison; additionally, his driver's license was suspended,

he was fined a total of $400, and was ordered to pay court costs.[1]  He appeals from his conviction.

{¶ 2}  Powell's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she had discovered no non-frivolous issues for appeal.  We informed Powell that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief.  No pro se brief has been filed.

{¶ 3}  We have conducted our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no non-frivolous issues for review.  Accordingly, the trial court's judgment will be affirmed.

## I.  Facts and Procedural History

{¶ 4}  According to the presentence investigation (PSI), a search warrant was executed at Powell's residence on October 2, 2015.  Powell was present during the execution of the warrant and was also "searched," or at least patted down.  A baggie with marijuana and a marijuana bowl with burnt residue were found on Powell's person.  He was arrested and informed of his rights.

{¶ 5}  Powell thereafter admitted to the police officers that he had prescription pills that had not been prescribed to him, and he directed the officers to the garage, where the pills were stored.  A drawer in the garage contained several prescription pill bottles that were not in Powell's name, and several more were next to the drawer; these prescription

---

[1] Powell was also ordered to "pay back" the State's "legal fees and expenses," but the court said these would "not be collected as court costs" and would be "separately collected by the clerk."

bottles bore the names of at least five different individuals. The officers also found digital scales, hemostats, a spoon with residue, an unmarked pill bottle containing four pills, and loose pills in the garage. In Powell's bedroom, they found a baggie containing white pills, some crushed white powder, and a prescription bottle belonging to Powell's sister.

{¶ 6} Powell admitted to the officers that, at least once a week, several friends came to his house and partied in his garage; at these parties, everyone brought prescription pills, dumped them together on a table, and then took them orally. The police officers described this as a "skittles party."

{¶ 7} Powell also told the officers that he bought 90 Vicodin pills per month for $270 from a certain individual who had a prescription for them. Powell admitted to using Vicodin that day (the day of his arrest), and stated that he would test positive for Vicodin and marijuana on a drug screen.

{¶ 8} On November 12, 2015, Powell was indicted on 12 counts: Count I – Sale of Dangerous Drugs, a felony of the fourth degree; Count II – possession of dangerous drugs for sale, a felony of the fifth degree; Counts III through VII – possession of dangerous drugs, misdemeanors of the first degree; Counts VIII through X - possession of drugs, misdemeanors of the first degree; Count XI – possession of marijuana, a minor misdemeanor; and Count XII – illegal use or possession of marijuana drug paraphernalia, a minor misdemeanor.

{¶ 9} Powell entered into a plea agreement whereby he pled guilty to the single count of sale of dangerous drugs, five counts of possession of dangerous drugs, and one count of possession of drugs (Counts I, III, IV, V, VI, VII, and VIII). Subject to certain conditions, the State agreed to recommend community control sanctions.

**{¶ 10}** Powell was sentenced to 18 months of imprisonment for sale of dangerous drugs and to four months each on the misdemeanor counts, to be served concurrently. He was also fined and ordered to pay costs, as discussed above, and his driver's license was suspended. He was advised that he would be subject to post-release control for up to three years and of the consequences of violating post-release control.

## II. **Sentencing**

**{¶ 11}** In his *Anders* brief, Powell's appellate counsel raises one potential assignment of error: that the trial court abused its discretion in sentencing Powell to eighteen months in prison.

**{¶ 12}** Eighteen months is the maximum sentence for a felony of the fourth degree, which is the most serious offense of which Powell was convicted (sale of dangerous drugs). He was sentenced to four months on each of six additional counts, but these sentences were ordered to run concurrently to the felony sentence. Thus, Powell's sentence was within the statutory range.

**{¶ 13}** According to the PSI, Powell had previously been convicted of numerous offenses, including several offenses each of operating a vehicle while intoxicated, domestic violence, disorderly conduct, and assault. Alcohol was involved in several of these offenses and in a pending charge of attempted sexual imposition, which involved inappropriate touching of a teenaged girl.[2] However, Powell did not see himself as having a problem with alcohol or with opiate addiction, notwithstanding that he acquired his drugs on the street. Powell's family history was fraught with alcohol abuse, domestic

---

[2] The charge was pending, and the State was aware of it, at the time of the plea hearing. By the time of the sentencing hearing, Powell had pled guilty to attempted sexual imposition in municipal court.

violence, bootlegging, and trafficking.

{¶ 14} At the plea hearing, the court advised Powell that it could impose prison time up to 18 months for sale of dangerous drugs and up to 180 days in local jail on the misdemeanors counts, as well as various fines and a license suspension. Powell indicated his understanding of these potential sentences. Powell also stated that no promises had been made to him about the State's recommendation of community control except what had been presented in court.

{¶ 15} At the sentencing hearing, the State recommended community control and "a chance [for Powell] to deal with his substance abuse problems," in accordance with the plea agreement, although it noted that Powell's "lifestyle [was] going to require him to completely overhaul his living situation and his lifestyle in order to be successful." Powell attributed the new offenses to his substance abuse problems, for which he requested treatment, but he admitted that he could not remember seeking substance abuse treatment or anger management classes following the previous offenses. He also noted that, even with his criminal history, he was determined to be a "moderate" risk by the probation department. Powell stated that he had not been to prison previously.

{¶ 16} The trial court asked many questions at the sentencing hearing and stated that it "was trying to understand a little bit more as to why the State felt that this was a community control offense." The State did not offer a response to this question. The trial court reviewed the PSI and Powell's extensive criminal history, as described above. The court described Powell's house as "party central," where drug users hang out. The court also observed that Powell had lied at the sentencing hearing about his most recent drug usage; he had assured the court that he would pass a drug screen, but when such

a screen was conducted during a break in the sentencing hearing, Powell tested positive for marijuana. Drug usage while out on bond violated the terms of his bond. He had failed to accurately complete a statement of his criminal history, as requested by the court. The court also noted that, after the search warrant had been executed, but before charges had been filed in this case, Powell had been charged with "tickling" or improper touching of a 14-year-old girl while drunk.

{¶ 17} In imposing sentence, the court stated that it "tries very hard to follow the recommendations of the lawyers," and that "[s]ometimes it is more difficult than others." After reviewing the sentencing factors and Powell's history and circumstances, the court stated that it did not believe Powell was "amenable to an available community control sanction" and sentenced him as described above.

{¶ 18} The court made detailed findings in accordance with R.C. 2929.11 and R.C. 2929.12 regarding the purposes and principles of sentencing and the seriousness and recidivism factors applicable to Powell. It also discussed the factors which led it to conclude that Powell was not amenable to available community control options, including his past failures to avail himself of treatment, his continued drug use while this case was pending, and his violation of one of the conditions of his bond. The court found that there were "no reasonable alternatives" to imprisonment, especially considering Powell's deceptive responses to the court about his recent use of illegal drugs, his failure of a drug test, and his sexual offense against a teenager while under the influence of alcohol while these charges were pending.

{¶ 19} In order to reverse Powell's sentence, we would have to find that it was clearly and convincingly not supported by the record. *See* R.C. 2953.08(G)(2). The

abuse of discretion standard suggested by appellate counsel does not apply. *State v. Kennedy*, 2d Dist. Greene No. 2016-CA-15 and 2016-CA-16, 2017-Ohio-26, ¶ 8, citing *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under the standard set forth in R.C. 2953.08(G)(2), there is no non-frivolous argument regarding the sentence.

### III.    **Conclusion**

**{¶ 20}** Having conducted our independent review of the record, including transcripts of the plea and sentencing hearings, we agree with appellate counsel that there are no non-frivolous issues for review. Accordingly, the trial court judgment will be affirmed.

. . . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Kevin S. Talebi
Marcy Vonderwell
Eddy W. Powell
Hon. Nick A. Selvaggio