[Cite as *State v. Bailey*, 2024-Ohio-1293.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

STATE OF OHIO                                          :
                                                      :
        Appellee                                      :        C.A. No. 2023-CA-27
                                                      :
v.                                                    :        Trial Court Case Nos. 2019 CR 229;
                                                      :        2021 CR 136
NICHOLAS JOEL BAILEY                                   :
                                                      :        (Criminal Appeal from Common Pleas
        Appellant                                     :        Court)
                                                      :

. . . . . . . . . . .

O P I N I O N

Rendered on April 5, 2024

. . . . . . . . . . .

J. DAVID TURNER, Attorney for Appellant

JEFFREY M. GEIMAN, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Nicholas Joel Bailey appeals from judgments of the Champaign County Court of Common Pleas, which revoked his community control in two cases and imposed consecutive sentences totaling 24 months in prison. In both cases, the court also ordered Bailey to pay the previously-imposed court costs and fine, as well as the costs of the community control violation proceedings. The judgment in Champaign C.P. No.

2021 CR 136 did not require payment of restitution, which had previously been ordered in that case.

{¶ 2} In his appeal of the judgment in Case No. 2021 CR 136, Bailey appears to claim that, because the revocation judgment does not include restitution, the court's restitution order in its original judgment of conviction is now invalid. Upon review, we conclude that the issue Bailey raises is not properly before us. Accordingly, the trial court's judgment in Case No. 2021 CR 136 will be affirmed.

{¶ 3} Bailey does not raise any assignments of error related to the trial court's judgment in Champaign C.P. No. 2019 CR 229. Accordingly, we will affirm the trial court's revocation judgment in that case without further discussion. *See State v. Kennedy*, 2d Dist. Greene No. 2016-CA-15, 2017-Ohio-26, ¶ 2.

## I. Facts and Procedural History

{¶ 4} According to the State's sentencing memorandum, the trial court granted Bailey's request for a personal recognizance bond after he pled guilty to receiving stolen property in Case No. 2019 CR 229 on June 2, 2022. Bailey was placed on house arrest and an ankle monitor as part of his bond conditions. Later that day, initial tracking registered Bailey at his residence, but subsequent tracking showed him traveling south on U.S. Route 68 toward Springfield. At 7:42 p.m., the monitor was not on Bailey's person. At 2:32 a.m. on June 3, 2021, the monitor was without a charge. Law enforcement officers attempted to contact Bailey without success. At that time, they presumed that Bailey had removed his electronic monitor and absconded. Bailey failed to appear for sentencing in Case No. 2019 CR 229, which was scheduled for June 28,

2021. His ankle monitor has not been recovered.

{¶ 5} In July 2021, Bailey was indicted for tampering with evidence, a third-degree felony, and failure to appear as required by recognizance, a fourth-degree felony, in Case No. 2021 CR 136. He was served with the warrant on April 25, 2022, at the Montgomery County Jail.

{¶ 6} At the scheduling conference on May 19, 2022, the parties informed the trial court that they had reached a plea agreement in Case No. 2021 CR 136. That day, Bailey pled guilty to failure to appear, and the State dismissed the tampering with evidence charge. The State agreed to a presentence investigation (PSI) and to recommend restitution at sentencing if no new information were revealed in the PSI and if Bailey complied with his bond. Bailey agreed to pay $2,518 to the Champaign County Pre-Trial Services Program (for the ankle monitor and accessories), court costs, and any court-appointed legal fees that might be imposed.

{¶ 7} On June 13, 2022, the trial court sentenced Bailey in Case No. 2019 CR 229 and Case No. 2021 CR 136. In both cases, the court imposed two years of community control with standard conditions and "special conditions," including completion of the West Central Community Based Correctional Facility residential program. The court notified Bailey that he faced between six and 18 months in prison if he violated his community control, and that it would determine whether that sentence would be served concurrently or consecutively to the sentence for other offenses. Bailey also was ordered to pay a total fine of $250 and court costs in each case. No restitution was requested in Case No. 2019 CR 229, but the court ordered restitution of $2,518 to the Champaign County

Pre-Trial Services Program in Case No. 2021 CR 136. Bailey did not appeal from his convictions.

{¶ 8} On December 30, 2022, Bailey's probation officer reported to the trial court that Bailey's whereabouts were unknown, and she requested that his community control period be suspended. The trial court granted the motion and issued a capias for his arrest. Bailey was arrested on other charges in Clark County in April 2023. On June 20, 2023, Bailey's probation officer filed a notice of supervision violation, detailing the six ways in which Bailey had violated his conditions of community control.

{¶ 9} The trial court conducted a community control violations hearing on August 2, 2023, during which Bailey admitted to the violations in both Case Nos. 2019 CR 229 and 2021 CR 136. The trial court revoked Bailey's community control and imposed 18 months in prison for Case No. 2021 CR 136 and six months in prison for Case No. 2019 CR 229, to be served consecutively to each other but concurrently with a Clark County sentence. The court indicated that Bailey had 223 days of jail time credit for the 2019 case but none for the 2021 case.

{¶ 10} With respect to financial sanctions, the trial court stated that it had reviewed Bailey's present and future ability to pay financial obligations and that he remained liable for the court costs and fines that had previously been imposed. It ordered that he "pay back the cost of the community control violation case." It noted that "[r]estitution was not requested." The court granted judgment for costs and indicated that there would be an order for withholding of funds from his inmate account. No one corrected the trial court's statement regarding restitution, which had been previously ordered in Case No. 2021 CR

136. The trial court's judgment entry reflected the oral pronouncements.

{¶ 11} Bailey appeals from the revocation of his community control, raising one assignment of error.

## II. Validity of the Original Restitution Order

{¶ 12} In his sole assignment of error, Bailey claims that "the order of restitution assessed against Bailey in the amount of $2,518.00 in 2021 CR 136 is invalid and the matter should be remanded to the trial court to vacate the order of restitution." Bailey appears to be challenging the continued enforcement of the original restitution order given the language in the revocation judgment. The essence of his legal argument is that the revocation judgment supplanted his original judgment of conviction, and therefore the restitution order in the original judgment is no longer valid. Bailey further argues that, because restitution was not reimposed, the omission of restitution from the revocation judgment could not be corrected as a clerical error.

{¶ 13} In response, the State argues that Bailey failed to appeal his original judgment entry of conviction and therefore any challenge to that restitution order is barred by res judicata. The State further contends that the original restitution order is still in effect, despite its absence from the revocation judgment. It asserts (without citation to any legal authority) that because the new sentencing hearing was on community control violations and was not a resentencing of the underlying convictions, the trial court was not required to restate the portions of Bailey's sentence that were unaffected by the revocation of his community control. The State has not filed a cross-appeal claiming any

error by the trial court.

{¶ 14} Upon review, we conclude that this appeal is not the appropriate vehicle for reviewing whether the trial court's original restitution order remains valid. The only judgment before us – the revocation judgment – does not order any restitution. Bailey is not aggrieved by the revocation judgment, at least as far as restitution is concerned, and there is nothing we can do as to this judgment to address his concern. To the extent that Bailey wishes to challenge the collection of restitution from him, as ordered in the original judgment of conviction, he must pursue the matter through other means.

{¶ 15} Bailey's assignment of error is overruled.

### III. Conclusion

{¶ 16} The trial court's judgments will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.