[Cite as *State v. Turner*, 2018-Ohio-2860.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-15 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-15 |
| | : | |
| ERIC J. TURNER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of July, 2018.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton-Xenia Road, Beavercreek, Ohio 45432
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Eric J. Turner appeals from a judgment of the Champaign County Court of Common Pleas, which found him guilty on his guilty pleas of three offenses: failure to comply with an order or signal of a police officer; operating a vehicle under the influence of drugs and/or alcohol (OVI); and aggravated possession of drugs. Specifically, Turner appeals from the trial court's order that he pay restitution to the Ohio State Highway Patrol (OSHP) in the amount of $26,897.41, based on physical damage caused to an OSHP cruiser after Turner failed to comply with an order to stop, fled from an officer, and collided with the cruiser.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed in part, reversed in part, and remanded for further proceedings.

### *Procedural History*

{¶ 3} The events in question occurred on January 1, 2017, when Turner willfully eluded an officer after being signaled to stop and ultimately crashed his car into an OSHP cruiser. On January 5, 2017, Turner was indicted for failure to comply, vandalism (of the cruiser), receiving stolen property (a stolen license plate on the car he was driving), OVI, and aggravated possession of drugs (Percocet). On April 17, 2017, Turner entered into a plea agreement wherein he pled guilty to failure to comply, OVI, and aggravated possession; the other charges were dismissed.

{¶ 4} On May 15, 2017, a restitution and sentencing hearing was held. At the hearing, two OSHP officers testified; the responsibilities of these officers included estimating damage to OSHP cruisers, determining when to purchase new vehicles and, with respect to older vehicles, when to repair them and when to "decommission" them

and send them to salvage. These officers testified that Cruiser 1252, which was hit by Turner, had been "at its end of life" at the time of the collision, based on its mileage and years of service. Its estimated value prior to the crash was $8,805, and the amount of damage from the crash was estimated to be $6,000 or more, based on damage to its body and undercarriage. However, OSHP generally does not repair vehicles if damage exceeds 50% of the value, so Cruiser 1252 was taken out of service. The replacement vehicle, with "upfilling costs," was $26,897.41. OSHP was self-insured.

{¶ 5} At the hearing, Turner's attorney expressed Turner's willingness to "acknowledge his responsibility" and pay restitution, but the attorney argued that the amount of restitution sought by the State – based on the replacement cost of a cruiser, rather than the repair cost of Cruiser 1252 or the value of that cruiser prior to the accident – was not appropriate.

{¶ 6} Turner was sentenced to 36 months of imprisonment for failure to comply, six months for OVI, and 11 months for aggravated possession; the first two sentences were to be served concurrently, but consecutively to the sentence for aggravated possession, for an aggregate term of 47 months. Turner was fined a total of $2,250, and he was ordered to pay restitution to OSHP (payable to the state treasurer) in the amount of $26,897.41.

{¶ 7} Turner appeals, raising three assignments of error, all of which relate to the order of restitution.

*Restitution*

{¶ 8} R.C. 2929.18(A) governs the imposition of financial sanctions and authorizes a trial court to impose such sanctions, including:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss.

* * *

**{¶ 9}** We discussed restitution in *State v. Christian*, 2d Dist. Montgomery No. 25256, 2014-Ohio-2672, *reversed on other grounds*, 143 Ohio St.3d 417, 2015-Ohio-3374, 38 N.E.3d 888, as follows:

Under R.C. 2930.01(H)(1) ("Definitions"), "victim" means a "person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime and that provides the basis for the criminal prosecution or delinquency proceeding and subsequent proceedings * * *." Black's Law Dictionary defines "victim" as the "person who is the object of a crime or tort, as the victim of a robbery is the person robbed." Black's Law Dictionary 1567 (6th Ed.1990). *See also State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 10.

"Economic loss" is defined in R.C. 2929.01(L) as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. 'Economic loss' does not include non-economic loss or any punitive or exemplary damages."

Generally, we review a trial court's order of restitution under an

abuse of discretion standard. *Johnson* at ¶ 11; *State v. Naylor*, 2d Dist. Montgomery No. 24098, 2011-Ohio-960, ¶ 22. However, when a trial court determines to whom restitution can be awarded, we review its decision de novo. *Johnson* at ¶ 11.

The State bears the burden of establishing the restitution amount. *State v. Granderson*, 177 Ohio App.3d 424, 2008-Ohio-3757, 894 N.E.2d 1290 (5th Dist.). * * * The determination of the amount of loss may be based on an amount recommended by the victim, a presentence investigation, or other sources. R.C. 2929.18(A)(1).

*Christian* at ¶ 108-111.

{¶ 10} Additionally, R.C. 2929.18 specifies that, "[i]f the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense."

{¶ 11} We will address Turner's assignments of error in an order that facilitates our discussion.

### Payment to OSHP

{¶ 12} In Turner's second assignment of error, he argues that the trial court erred as a matter of law in finding the Ohio State Highway Patrol a "victim" entitled to restitution.

{¶ 13} Turner argues that OSHP is not a "victim" to whom restitution is available under Ohio law, because it was involved in his crimes in its official capacity. He asserts

that this court has specifically held "that insurance companies, banks, other institutions, as well as law enforcement agencies are not victims, unless specifically stated by the legislature in the applicable statute." Turner relies on *Christian* and *Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230. He further observes that R.C. 2921.331, defining failure to comply, under which he was charged and convicted, does not contain a provision providing for restitution.

{¶ 14} In *Christian*, one of the issues related to restitution was whether the trial court could award restitution to a sheriff's department or fire department, based on the cost of their response to false reports of crimes or intentionally-set fires, or to the sheriff's department for its expenditures in investigating a fabricated crime. We held that governmental agencies generally do not constitute "victims" entitled to restitution for their efforts to fight crime or fires using public funds, but that certain exceptions exist, such as embezzlement of public funds or vandalism or destruction of governmental property. *Christian* at ¶ 126. For example, citing cases from other districts, we observed that law enforcement agencies may not recover, as restitution, funds used in drug buys, "wages" paid to an informant, or costs associated with extradition, because the agencies are not "victims" in these situations. *See id.* at ¶ 126-127.

{¶ 15} However, *Christian* acknowledged certain exceptions to the general rule that governmental agencies are not "victims" of crimes to which they respond in their official capacities, including, specifically, "vandalism or destruction of governmental property." *Id.* at ¶ 126. In Turner's case, OSHP sought reimbursement for damage to its vehicle inflicted by Turner in the course of his criminal activity. This situation falls squarely within the exception. *Christian* does not support Turner's assertion that OSHP

was not entitled to restitution under the facts of this case.

{¶ 16} Turner also relies on *Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, a case in which the defendant's plea agreement included a provision that he would pay restitution to an insurance company; the insurance company had covered the cost of repairing damage that Johnson caused to the victim's residence during the course of a burglary. As discussed in *Johnson* and *Christian*, insurance companies, like law enforcement agencies, generally are not "victims" under R.C. 2929.18(A), for purposes of receiving restitution. *Johnson* at ¶ 12; *Christian* at ¶ 112. However, we have held that "R.C 2929.18(A)(1) does not prohibit an award of restitution to an insurance company when the award is made pursuant to the express plea agreement between the State and the defendant." *Johnson* at ¶ 15. Insofar as *Johnson* involved an agreement to pay restitution to an entity that would not otherwise have been entitled to it, it is not instructive in this case.

{¶ 17} In sum, although law enforcement agencies generally are not entitled to receive restitution for expenditures related to their investigation of or response to crimes, they are "victims" entitled to restitution in situations such as this one, where OSHP property was damaged by Turner's criminal conduct. The trial court did not err in awarding restitution to OSHP.

{¶ 18} Turner also argues that he cannot be ordered to pay restitution to a law enforcement agency because the statute defining failure to comply (R.C. 2921.331) does not expressly provide for restitution to law enforcement agencies. He has not cited any authority for his argument that restitution is unavailable in the absence of such an express provision. Moreover, R.C. 2929.18(A), which provides for restitution, broadly states:

"Except as otherwise provided in this division * * *, the court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section * * *." Restitution is one type of financial sanction, R.C. 2929.18(A)(1). *See also State v. Hill*, 2d Dist. Montgomery No. 23343, 2010-Ohio-2508, ¶ 6 ("a trial court has statutory authority to order restitution in felony cases. *See* R.C. 2929.18(A)(1)."); *State v. Greathouse*, 12th Dist. Warren No. CA2009-01-009, 2009-Ohio-3829, ¶ 3 (requiring payment of restitution for damage to a police cruiser when charged with failure to comply). Turner's argument that payment of restitution for his offense was not authorized is without merit.

{¶ 19} The second assignment of error is overruled.

*Amount of Restitution*

{¶ 20} In his first assignment of error, Turner argues that the trial court abused its discretion in awarding $26,897.41 in restitution.

{¶ 21} One of the OSHP officers who testified at the restitution hearing stated that the damage to the cruiser was approximately $6,000; the other stated that the $6,000 estimate was "probably a minimal cost. Fair." They further testified that the vehicle was "at its end of life" in that Cruiser 1252, a Charger, had "108 or 109,000 miles," and "Chargers have a lifeline of 110,000." Its value prior to the accident was estimated to be $8,805.

{¶ 22} In light of this testimony, we agree with Turner that the trial court abused its discretion in awarding restitution in the amount of $26,897.41. Although Turner's actions accelerated (slightly) the decommissioning of Cruiser 1252 and reduced its salvage value, it is equally clear that Turner did not cause $26,897.41 in damage to the

vehicle and that OSHP did not sustain $26,897.41 in economic loss. To award an amount in excess of OSHP's "economic loss" was not authorized by law.

**{¶ 23}** The first assignment of error is sustained.

***Plain Error***

**{¶ 24}** Turner's third assignment of error contends that the trial court committed plain error in awarding restitution not authorized by law.

**{¶ 25}** Generally, we review for plain error when a party has failed to object to an alleged error at trial, and we do so "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Tyra*, 2d Dist. Montgomery No. 27040, 2017-Ohio-313, ¶ 29, citing *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *State v. Kennedy,* 2d Dist. Greene No. 2016-CA-15, 2017-Ohio-26, ¶ 14. Here, Turner did object to the State's request for restitution in the amount of the replacement value of the vehicle, and the plain error analysis is inapplicable.

**{¶ 26}** The third assignment of error is overruled.

***Conclusion***

**{¶ 27}** The trial court's order of restitution will be reversed, and the matter will be remanded to the trial court for further consideration of this issue. In all other respects, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Jane A. Napier

Joe Cloud
Hon. Nick A. Selvaggio