[Cite as *State v. Yang*, 2025-Ohio-691.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Jason P. Smith, J. |
| | : | Hon. Michael D. Hess, J. |
| -vs- | : | |
| | : | Judges Smith and Hess |
| JING YANG | : | Sitting by Assignment by the |
| | : | Supreme Court of Ohio |
| Defendant-Appellant | : | |
| | : | Case No. 24 CAC 05 0029 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Municipal Court,
Case No. 24 TRC 00148


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      February 28, 2025


APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

TYLER A. SANDERS                          WILLIAM T. CRAMER
70 North Union Street                      1554 Polaris Parkway, Suite 325
Delaware, OH  43015                    Columbus, OH  43240

*Smith, J.*

{¶ 1}   Defendant-Appellant, Jing Yang, appeals his July 19, 2023 sentence from the Municipal Court of Delaware County, Ohio, challenging the order of restitution. Plaintiff-Appellee is the State of Ohio.  We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On January 5, 2024, Yang crashed into the rear of an Ohio State Highway Patrol cruiser while the trooper was stopped on the side of the road helping another motorist.  Yang exhibited an odor of alcohol and bloodshot, glassy eyes; he appeared to have urinated on himself.  Despite a language barrier, Yang agreed to submit to a breath test which produced a blood alcohol level of .16.

{¶ 3}   Yang was charged with five offenses and on April 3, 2024, pled no contest to driving while under the influence of alcohol in violation of R.C. 4511.19(A)(1)(a); the trial court found Yang guilty.  The remaining charges were dismissed.  The state requested a restitution order in the amount of $16,874.60 payable to the Ohio Treasurer of State for damages to the cruiser, the amount remaining after Yang's insurance paid his policy limit of $10,000.  Yang requested a hearing on the issue of restitution and the trial court ordered briefs on the issue of capping restitution under Marsy's Law; each side filed memorandums.  A joint restitution and sentencing hearing was held on April 19, 2024. The trial court acknowledged the issue of restitution under Marsy's Law was "somewhat of a gray area," but found under the facts of the case, the state was a victim and entitled to full restitution.  April 19, 2024 T. at 10-11.  By final judgment entry filed on the same date, the trial court sentenced Yang to 180 days in jail, 177 days suspended and the

remaining three days suspended in lieu of completing the Driver Intervention Program, and ordered him to pay restitution in the amount of $16,874.60 to the State of Ohio.

{¶ 4} Yang filed an appeal with the following assignment of error:

I

{¶ 5} "THE TRIAL COURT VIOLATED R.C. 4511.19(G)(7) BY REQUIRING APPELLANT TO PAY MORE THAN $5,000 IN RESTITUTION."

I

{¶ 6} In his sole assignment of error, Yang claims the trial court violated R.C. 4511.19(G)(7) in ordering him to pay more than $5,000 in restitution. We disagree.

{¶ 7} The issue of who constitutes a "victim" under R.C. 2929.18(A)(1) and likewise R.C. 2929.28(A)(1) or to whom restitution may appropriately be awarded under the statutes is a question of law that is reviewed de novo. *State v. Jones*, 2020-Ohio-81, ¶ 6 (1st Dist.), citing *State v. Cartwright*, 2017-Ohio-7212, ¶ 11 (12th Dist.); *see also, State v. Shifflet*, 2015-Ohio-4250, ¶ 54 (4th Dist.).

{¶ 8} R.C. 4511.19 governs the offense of driving while under the influence. Subsection (G)(7) states the following:

> In all cases in which an offender is sentenced under division (G) of this section, the offender shall provide the court with proof of financial responsibility as defined in section 4509.01 of the Revised Code. If the offender fails to provide that proof of financial responsibility, the court, in addition to any other penalties provided by law, may order restitution pursuant to section 2929.18 or 2929.28 of the Revised Code in an amount

not exceeding five thousand dollars for any economic loss arising from an accident or collision that was the direct and proximate result of the offender's operation of the vehicle before, during, or after committing the offense for which the offender is sentenced under division (G) of this section.

{¶ 9} In his April 18, 2024 memorandum on issue of restitution, Yang did not dispute the amount of estimated damages, but argued he was not legally obligated to pay any additional restitution because his insurance carrier paid his policy limit of $10,000. He argued because he was insured, albeit underinsured, subsection (G)(7) does not apply in his case. Further, the State of Ohio has already been paid an amount exceeding the $5,000 restitution cap mandated in the subsection. Yang acknowledged that Marsy's Law states a crime victim has the right to "full and timely restitution from the person that committed the criminal offense." Ohio Const., art. I, § 10a(A)(7). The law defines a victim as "a person against whom the criminal offense or delinquent act is committed or who is directly and proximately harmed by the commission of the offense or act." *Id.* at § 10a(D). The law does not define "person." Yang argued the State of Ohio is not a victim for expenses incurred while engaged in a governmental function and therefore the state was not a victim in this case as contemplated by Marsy's Law.

{¶ 10} In support of his argument, Yang cited the Supreme Court of Ohio's opinion in *City of Centerville v. Knab,* 2020-Ohio-5219. In *Knab,* Centerville police officers responded to false 9-1-1 calls. Knab was convicted of making a false report to law enforcement and improper use of the 9-1-1 emergency system. As part of his sentence,

the trial court ordered Knab to pay Centerville $1,375.56 in restitution for the costs incurred in responding to Knab's calls. On appeal, the Second District reviewed the restitution order under R.C. 2929.28(A)(1) which governs financial sanctions. *City of Centerville v. Knab*, 2019-Ohio-1903 (2d Dist.). Under the statute, trial courts may impose a restitution order on misdemeanants for the benefit of the victim "in an amount based on the victim's economic loss." The Second District analyzed various definitions of the word "victim" including the definition included in Marsy's Law, and stated: "Although we agree that Marsy's Law does expand the meaning of the term 'victim,' we do not find that it expressly authorizes sentencing courts to characterize law enforcement agencies as victims who are entitled to restitution due to their efforts in carrying out their official duties." *Id.* at ¶ 31. The court concluded the Centerville Police Department was not a "victim" under R.C. 2929.28(A)(1) and vacated the restitution order. *Id.*

{¶ 11} On appeal, the Supreme Court of Ohio affirmed the Second District, holding "a municipality is not a victim and has no right to restitution under Marsy's Law." *Knab*, 2020-Ohio-5219, at ¶ 1. However, the Court acknowledged some courts "have suggested that there may be some limited situations in which a governmental agency may be a victim entitled to restitution" and cited the case of *State v. Turner*, 2018-Ohio-2860 (2d Dist.). *Id.* at ¶ 20.

{¶ 12} In *Turner,* a case decided by the Second District ten months prior to its decision in *Knab,* the court reviewed a restitution order imposed on an offender convicted of failing to comply with an order to stop which resulted in the offender colliding with an Ohio State Highway Patrol cruiser; the restitution order in the amount of $26,897.41 was made payable to the state treasurer for damages sustained to the cruiser. The Second

District reviewed the order under R.C. 2929.18(A)(1). Under the statute, like R.C. 2929.28(A)(1) but pertaining to felony offenses, trial courts may impose a restitution order on felony offenders for the benefit of the victim "in an amount based on the victim's economic loss." The Second District determined the restitution order fell squarely within the exception to "the general rule that governmental agencies are not 'victims' of crimes to which they respond in their official capacities, including, specifically, 'vandalism or destruction of governmental property.'" *Id.* at ¶ 15, quoting *State v. Christian*, 2014-Ohio-2672, ¶ 126 (2d Dist.), *rev'd on other grounds*, 2015-Ohio-3374.[1] The court concluded: "In sum, although law enforcement agencies generally are not entitled to receive restitution for expenditures related to their investigation of or response to crimes, they are 'victims' entitled to restitution in situations such as this one, where OSHP property was damaged by Turner's criminal conduct." *Id.* at ¶ 17. The court did not discuss Marsy's Law although it was in effect at the time.[2]

{¶ 13} Here, the trial court found under the facts of the case, the state was a victim and entitled to full restitution. April 19, 2024 T. at 11. We agree. Just like *Turner,* Yang's criminal conduct in driving under the influence of alcohol caused damage to an Ohio State Highway Patrol cruiser; a cruiser that was not dispatched in relation to him, but parked on the side of the road helping another motorist. The state was not seeking restitution as a "victim" carrying out its official duties; it was seeking restitution for its economic damages

---

[1]In *Christian,* the Second District reversed the restitution order after determining the state agencies involved were not victims as they were responding to the crimes in their official capacities. *Christian,* 2014-Ohio-2672, at ¶ 128-129 (2d Dist.).

[2]Although the Second District upheld the restitution award to the state, it reversed the amount of the restitution in light of the evidence presented and remanded the matter back to the trial court for further consideration of the actual amount of the state's economic loss. *Turner,* 2018-Ohio-2860, at ¶ 21-22, 27 (2d Dist.).

incurred as a result of Yang's criminal conduct. As noted above, the Supreme Court acknowledged "there may be some limited situations in which a governmental agency may be a victim entitled to restitution." We agree this is such a case and the state qualifies as a "victim" under Marsy's Law entitled to "full and timely restitution from the person that committed the criminal offense." Ohio Const., art. I, § 10a(A)(7).

{¶ 14} As stated by the Supreme Court of Ohio: "It is elementary that a statute must be sustained and enforced unless it is in clear and irreconcilable conflict with some express provision of the Constitution; and, on the other hand, that if the constitutional provision and the legislative enactment are so clearly in conflict that they cannot both stand the statutory provision must of course fall." *State ex rel. Price v. Huwe*, 105 Ohio St. 304, 306 (1922). Accordingly, Ohio Constitution, Article I, Section 10a(A)(7) prevails over R.C. 4511.19(G)(7). *See Cleveland v. Fuller*, 2023-Ohio-1669, ¶ 20 (8th Dist.) ("Marsy's Law supersedes C.C.O. 433.01(h)(3)(B)(7) [identical to R.C. 4511.19(G)(7)] to the extent the ordinance caps the availability of restitution to a victim"); *see also* Ohio Constitution, Article I, Section 10a(E) ("All provisions of this section shall be self-executing and severable, and shall supersede all conflicting state laws").

{¶ 15} The amount of the state's economic loss was not in dispute. Pursuant to the express mandates of Marsy's Law, the trial court was required to award full restitution even if the amount exceeded $5,000; therefore, the trial court did not err in ordering Yang to pay restitution to the State of Ohio in the amount of $16,874.60.

{¶ 16} Upon review, given the facts of this case, we find the trial court did not violate R.C. 4511.19(G)(7) in ordering Yang to pay more than $5,000 in restitution as argued in the stated assignment of error.

{¶ 17} The sole assignment of error is denied.

{¶ 18} The judgment of the Municipal Court of Delaware County, Ohio is hereby affirmed.

By Smith J.

Hoffman, P.J. concur.

Hess, J. concurs in judgment only.