[Cite as *State v. Patterson*, 2025-Ohio-4933.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | Case No. 2024CA00156 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Stark County Court of Common Pleas, Case No. 2023CR1349 |
| DEMETRI PATTERSON | |
| | Judgment: Affirmed |
| Defendant – Appellant | |
| | Date of Judgment Entry: October 28, 2025 |

**BEFORE:** William B. Hoffman, Andrew J. King, Robert G. Montgomery, Appellate Judges

**APPEARANCES:** Kyle L. Stone, Prosecuting Attorney, Lisa A. Nemes Assistant Prosecuting Attorney, for Plaintiff-Appellee; Faith M.R. Edwards, Ohio Public Defender, for Defendant-Appellant

OPINION

*Hoffman, P.J.*

{¶1} Defendant-appellant Demetri Patterson appeals the judgment entered by the Stark County Common Pleas Court convicting him upon his pleas of guilty to escape (R.C. 2921.34(A)(1)(C)(2)(a)), vandalism (R.C. 2909.05(A)(E)), inducing panic (R.C. 2917.31(A)(3)(C)(4)(c)), and aggravated riot (R.C, 2917.02(B)(1)(C)), sentencing him to a term of incarceration of four to six years, and ordering him to pay restitution in an amount not to exceed $200,000.00, jointly and severally with Appellant's co-defendants. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On October 22, 2022, 15-year-old Appellant, along with eleven fellow inmates, participated in a riot at The Department of Youth Services Indian River Juvenile Correctional Facility (hereinafter "Indian River"). On June 20, 2023, Appellant was bound over from the Stark County Common Pleas Court, Juvenile Division, on complaints of aggravated riot, complicity to commit vandalism, and inducing panic. The Stark County Grand Jury subsequently returned an indictment charging Appellant with escape, vandalism, inducing panic, and aggravated riot.

{¶3} Appellant appeared in the Stark County Common Pleas Court for arraignment on July 26, 2023, but indicated he was prepared to enter pleas of guilty to all counts of the indictment. The trial court accepted Appellant's pleas and convicted him thereon. The trial court proceeded immediately to sentencing. The following conversation took place at the sentencing hearing regarding restitution:

MR. OSTROWSKI: Your Honor, much like the co-defendants the State is requesting restitution in an amount to be determined. I believe on the prior gentlemen who have pled the Court ordered restitution not to exceed $200,000 joint and several, and we're also waiting still on a deductible quote from Indian River, ODRC, whoever would have that. Thank you.

THE COURT: All right. So Mr. Patterson, what the prosecutor just said is that the – Indian River has requested restitution. They've given the total amount of damage with regard to everyone who was involved in these incidents. However, we understand that insurance will be involved and that that dollar amount will be greatly reduced down to the insurance and that will be shared by everyone who was charged as a result, and I know there's at least three other individuals who were charged in this event. I think there were numerous other individuals so I have to give the big dollar amount, but it will be coming down, okay?

THE DEFENDANT: Yes, ma'am.

**{¶4}** Tr. 20-21.

**{¶5}** The trial court's sentencing judgment entry ordered Patterson to "pay restitution in an amount not to exceed $200,000, jointly and severally with codefendants indicted under Stark County Common Pleas Court Case 2023CR0808." It is from the July 31, 2023, judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I.  THE STARK COUNTY COURT OF COMMON PLEAS ERRED WHEN IT ORDERED THEN 16-YEAR-OLD DEMETRI PATTERSON TO PAY $200,000.00 IN RESTITUTION, EVEN THOUGH THERE WAS INSUFFICIENT COMPETENT, CREDIBLE EVIDENCE OF THE VICTIM'S ECONOMIC LOSS.

II.  THE 16-YEAR-OLD DEMETRI WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO CONTEST A $200,000 AWARD OF RESTITUTION, EVEN THOUGH THERE WAS INSUFFICIENT COMPETENT, CREDIBLE EVIDENCE OF THE VICTIM'S ACTUAL LOSS.

III.  THE STARK COUNTY COURT OF COMMON PLEAS ERRED WHEN IT ORDERED THEN 16-YEAR-OLD DEMETRI PATTERSON TO PAY RESTITUTION TO INDIAN RIVER JUVENILE CORRECTIONAL FACILITY, A FACILITY OF THE DEPARTMENT OF YOUTH SERVICE, WHICH IS NOT A VICTIM ENTITLED TO RESTITUTION. NEITHER THE OHIO CONSTITUTION, NOR MARSY'S LAW, EXTEND TO THE DEFINITION OF "VICTIM" TO ENCOMPASS A GOVERNMENT ENTITY.

I.

{¶6}  In his first assignment of error, Appellant argues there was insufficient evidence of the victim's economic loss to support a restitution award of $200,000.  We disagree.

**{¶7}** A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information; however, the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense, *State v. Lalain*, 2013-Ohio-3093, ¶ 27.

**{¶8}** In the instant case, the findings of fact in the bindover order from the juvenile court provide some evidence of the economic loss suffered by Indian River in the instant case:

> No victim suffered physical or psychological harm. However, serious economic harm, including over $200,000 in damages occurred as a result of the alleged offenses.

**{¶9}** Judgment Entry, Common Pleas Court Family Court Division, May 23, 2023.

**{¶10}** The prosecutor represented at the sentencing hearing he believed the amount of restitution ordered in the co-defendants' case, to be paid jointly and severally, was not to exceed $200,000. Appellant failed to object to the amount, and we therefore must find plain error to reverse. To establish plain error, Appellant must show an error occurred, the error was obvious, and there is a reasonable probability the error resulted in prejudice, meaning the error affected the outcome of the trial. *State v. McAlpin*, 2022-Ohio-1567, ¶ 66, *citing State v. Rogers,* 2015-Ohio-2459, ¶ 22.

**{¶11}** Appellant argues the amount ordered exceeds the victim's economic loss because the amount of insurance had not yet been determined. R.C. 2929.281(A) provides, "The amount of restitution shall be reduced by any payments to the victim for economic loss made or due under a policy of insurance or governmental program." While generally a trial court may not reduce the amount of restitution at a later date, R.C. 2929.18(A)(1) provides an exception for insurance proceeds:

> The victim, victim's estate, or victim's attorney, if applicable, may file a motion or request that the prosecutor in the case file a motion, or the offender may file a motion, for modification of the payment terms of any restitution ordered. If the court grants the motion, it may modify the payment terms as it determines appropriate but shall not reduce the amount of restitution ordered, except as provided in division (A) of section 2929.281 of the Revised Code.

**{¶12}** Pursuant to this statute, at a time when the amount of restitution is subject to be reduced by insurance payments under R.C. 2929.281(A), the victim, the prosecutor, or Appellant may file a motion asking the amount of restitution be reduced by the insurance payments. Although it appears from the record the amount of insurance payments received by Indian River was not determined at the time of Appellant's sentencing hearing, all parties and the court anticipated a later reduction of the restitution amount when the amount of insurance proceeds was known. We find no plain error in

the trial court ordering the higher amount of restitution, subject to later adjustment as provided for by the Ohio Revised Code.

{¶13} The first assignment of error is overruled.

II.

{¶14} In his second assignment of error, Appellant argues his trial counsel was ineffective for failing to object to the amount of restitution, and failing to object to the payment of restitution to a governmental entity. We disagree.

{¶15} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153 (1988). Therefore, in order to prevail on a claim of ineffective assistance of counsel, Appellant must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989). In other words, Appellant must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

{¶16} We find Appellant has not demonstrated a reasonable probability of a change in the outcome had counsel objected to the amount of restitution. As discussed earlier in this opinion, there was some evidence in the record to support $200,000 in restitution by way of the prosecutor's representation of the amount of restitution ordered in the co-defendants' cases, as well as the dollar amount of damage found by the juvenile court during the bindover proceeding. It appears from the prosecutor's representation the amount of the insurance coverage for the incident had not been determined at the time of the hearing. As discussed in our discussion of Appellant's first assignment of error,

R.C. 2929.18(A)(1) and R.C. 2929.281(A) provides a mechanism by which the court may reduce the amount of restitution by insurance proceeds upon motion of Appellant, the prosecutor, or the victim at a later time.

**{¶17}** Appellant also argues counsel was ineffective for failing to argue Indian River, as a governmental entity, was not a "victim" entitled to restitution under Marsy's Law. In *City of Centerville v. Knab*, 2020-Ohio-5219, ¶ 1, the Ohio Supreme Court held, "a municipality is not a victim and has no right to restitution under Marsy's Law." However, the *Knab* court acknowledged some courts "have suggested that there may be some limited situations in which a governmental agency may be a victim entitled to restitution," and cited the case of *State v. Turner*, 2018-Ohio-2860 (2nd Dist.). *Id.* at ¶ 20.

**{¶18}** In *State v. Yang*, 2025-Ohio-691 (5th Dist.), the defendant, who was driving while intoxicated, struck an Ohio State Highway Patrol cruiser parked by the side of the road. The cruiser was not dispatched in conjunction with the defendant's conduct, but was aiding another motorist. Analyzing both *Knab* and *Turner*, this Court found the State was a victim entitled to restitution:

> Here, the trial court found under the facts of the case, the state was a victim and entitled to full restitution. April 19, 2024 T. at 11. We agree. Just like *Turner*, Yang's criminal conduct in driving under the influence of alcohol caused damage to an Ohio State Highway Patrol cruiser; a cruiser that was not dispatched in relation to him, but parked on the side of the road helping another motorist. The state was not seeking restitution as a "victim" carrying out its official duties; it was seeking restitution for its economic

damages incurred as a result of Yang's criminal conduct. As noted above, the Supreme Court acknowledged "there may be some limited situations in which a governmental agency may be a victim entitled to restitution." We agree this is such a case and the state qualifies as a "victim" under Marsy's Law entitled to "full and timely restitution from the person that committed the criminal offense." Ohio Const., art. I, § 10a(A)(7).

{¶19} *Id*. at ¶ 13.

{¶20} There is nothing in the record to suggest the restitution sought in the instant case was for amounts Indian River incurred as a "victim" for carrying out its official duties, but rather it appears on the record in this case, as in *Yang*, Indian River was a victim of Appellant's criminal conduct itself. The bindover order specifically refers to "economic harm" causing damages exceeding $200,000. Appellant has not demonstrated a reasonable probability of a change in the outcome had counsel objected on the basis Indian River was a governmental entity not entitled to receive restitution.

{¶21} The second assignment of error is overruled.

III.

{¶22} In his third assignment of error, Appellant argues the trial court erred in imposing restitution because Indian River, as a state entity, was not entitled to restitution under Marsy's law. We disagree.

{¶23} For the reasons set forth in our discussion in assignment of error II, we find nothing in the record suggests the restitution amount includes damages incurred by

Indian River in carrying out its official duties, and pursuant to this Court's decision in *Yang*, the trial court did not err in ordering restitution.

{¶24} The third assignment of error is overruled.

{¶25} The judgment of the Stark County Court of Common Pleas is affirmed. Costs to Appellant.


By: Hoffman, P.J.

Montgomery, J. concurs

King, J. dissents

King, J. dissents,

{¶ 26} I respectfully dissent as I would grant Appellant's second assignment of error and find his first and third assignments of error moot.

## Ineffective Assistance

{¶ 27} Appellant's second assignment of error argues trial counsel rendered ineffective assistance. To prevail on a claim of ineffective assistance of counsel, Appellant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694.

{¶ 28} Appellant argues he was prejudiced by counsel's performance when counsel failed to object to Indian River being deemed a victim under Marsy's Law, and failing to object to the amount of restitution ordered. I agree.

## A Government Entity as a Victim

{¶ 29} In *Centerville v. Knab*, 2019-Ohio-1903 (2d Dist.), Knab made false 911 calls reporting an active shooter to which the city responded. Knab was later convicted of making a false report to law enforcement and improper use of the 911 emergency system. Following a restitution hearing, Knab was ordered to make restitution to the City for the hourly wages paid to the law enforcement officers while responding to the false calls.

{¶ 30} Knab appealed and the Second District Court of Appeals vacated the restitution order, finding that the City was not a victim for purposes of restitution when it was carrying out its official duties. *Id*. ¶ 31. The Court noted "governmental agencies generally do not constitute 'victims' entitled to restitution for their efforts to fight crime or fires using public funds, but that certain exceptions exist such as embezzlement of public funds or vandalism or destruction of governmental property." *Id*. ¶ 28 citing *State v. Turner*, 2018-Ohio-2860 ¶ 14 (2d Dist.).

{¶ 31} The Supreme Court of Ohio accepted jurisdiction on the question of "whether a municipal corporation is a "victim" as that word is used in Article I, Section 10a of the Ohio Constitution, a provision known as Marsy's Law." *City of Centerville v. Knab*, 2020-Ohio-5219 ¶ 30. The Court concluded:

> [B]ased on both the text and context, that the voters who approved [Marsy's Law] did not intend that a municipal corporation—a governmental entity—would qualify as a victim under the amendment. We therefore hold that a municipal corporation does not qualify as a victim under Article I, Section 10a of the Ohio Constitution and that it is not entitled to restitution under that section. Our decision today does not foreclose, and we expressly decline to address, the possibility that a municipality may receive restitution under other provisions of Ohio law."

{¶ 32} *Id*. ¶ 31

{¶ 33} As mentioned by the majority, recently, in *State v. Yang*, 2024-Ohio-0691 (5th Dist.) this court addressed who may be considered a victim entitled to restitution under R.C. 2929.18(A)(1) and R.C. 2929.28(A)(1). In that matter, Yang was ordered to pay restitution to the State of Ohio to cover damages to an Ohio State Highway Patrol cruiser that Yang crashed into while driving intoxicated. The cruiser was not involved in pursuing Yang, but rather was parked on the side of the road while a State Trooper was assisting another motorist. *Id*. ¶ 2.

{¶ 34} On appeal, Yang argued in part that the trial court erred in finding State of Ohio was a victim as contemplated by Marsy's Law, and he could therefore not be ordered to pay restitution for expenses incurred by the State while engaged in a governmental function. In support of this argument, Yang cited the Supreme Court of Ohio's decision in *Knab*, supra. We noted the *Knab* court cited *State v. Turner*, 2018-Ohio-2860, (2d Dist.), a case involving facts very similar to *Yang*. In *Turner* the Second District found "although law enforcement agencies generally are not entitled to receive restitution for expenditures related to their investigation of or response to crimes, they are 'victims' entitled to restitution in situations such as this one, where OSHP property was damaged by Turner's criminal conduct." *Id*. at ¶ 17.

{¶ 35} Although a governmental agency often is not entitled to restitution, the *Knab* court also appeared to acknowledge that there may be some circumstances in which it could be entitled to restitution, stating:

> Courts have suggested that there may be some limited situations in
> which a governmental agency may be a victim entitled to restitution,

such as when public funds have been embezzled from that agency or government property has been vandalized or destroyed. See *State v. Turner*, 2d Dist. Champaign No. 2017-CA-15, 2018-Ohio-2860, 2018 WL 3492776, ¶ 14. But the general rule in Ohio has been that governmental agencies are not victims of crimes to which they respond in their official capacities.

{¶ 36} *Knab* ¶ 20.

Restitution

{¶ 37} With that rule in mind, I turn now to R.C. 2929.18, which governs the imposition of financial sanctions. 2929.18(A)(1) provides a victim has the right to seek restitution and that:

> At sentencing, the court shall determine the amount of restitution to be made by the offender. The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court imposes restitution for the cost of accounting or auditing done to determine the extent of economic loss, the court may order restitution for any amount of the victim's

costs of accounting or auditing provided that the amount of restitution is reasonable and does not exceed the value of property or services stolen or damaged as a result of the offense. The court shall hold a hearing on restitution if the offender, victim, victim's representative, or victim's estate disputes the amount. The court shall determine the amount of full restitution by a preponderance of the evidence. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or the victim's estate against the offender.

### Appellant's Arguments

{¶ 38} Here, it appears possible that Indian River could be entitled restitution for vandalism of government property, yet the figure could also include expenses incurred in the investigation of and response to the riot. Due to the dearth information contained in the record it is impossible to determine what is included in the requested $200,000 in restitution. The record reflects that no discovery was exchanged, no discussion took place on the record regarding what the restitution request entailed, there was no presentence investigation, and there was no plea agreement. Although R.C. 2929.18 does not absolutely require that any of the named parties produce evidence, the thrust of the statute is that the trial court must have before it appropriate evidence to sustain the amount ordered for restitution. Indeed, our sister court has held that a restitution order "must be supported by competent, credible evidence from which the court can discern the amount of the restitution to a reasonable degree of certainty." *State v. Gears*, 135 Ohio App.3d 297, 300 (6th Dist.1999).

{¶ 39} In this light I think trial counsel's failure to object was deficient in two ways. First, as discussed above, restitution ordered paid to a political subdivision is an exception not the rule. The record is devoid of any evidence that would support any portion of the $200,000 ordered is lawfully due the government. The majority appears to conclude a trial court could improperly award restitution to a governmental agency because it can be reduced to the proper amount later. That inverts the proper order of operations. This court is choosing to preclude appellate review of an error because the defendant may have an additional post-judgment judgment remedy. Even if that's so, it does not discharge our obligation to review errors brought before us. In the case of a motion of a new trial, for example, that right and remedy exists alongside—and not in substitution of—the defendant's right to appeal an error.

{¶ 40} Second, the amount of restitution owed was speculative and undetermined and is another reason the judgment should be reversed. The record contains no documentation of any loss sustained by Indian River. The only "information" presented at sentencing was from the State, which requested Appellant pay restitution in "an amount to be determined" and indicated it was still waiting on a statement from Indian River regarding the insurance detectible paid by the institution. Transcript of plea and sentencing (T.) at 20. At oral argument before this court, counsel for Appellant indicated the amount of restitution remains unresolved and unchanged two years later, and the State did not dispute that fact. According to the change of plea and sentencing hearing, the figure should be "greatly reduced", yet Appellant remains responsible for a $200,000 joint and several restitution order. T. 20-21.

{¶ 41} While the majority points to a statutory mechanism by which Appellant may file a motion asking the amount of restitution be reduced by the insurance payments, this ignores the fact that there was no determination as to what extent Indian River is a victim entitled to restitution. The majority points to a statement in the findings of fact from Appellant's bindover proceeding to support its conclusion that the entire amount is eligible. But the statement merely indicates "serious economic harm, including over $200,000 in damages occurred as a result of the alleged offenses." I find "damages" too vague to definitively determine Indian River is entitled to restitution for the entire amount. As discussed above, governmental agencies are not entitled to have all damages compensated.

{¶ 42} Based my review of the record, it is impossible to determine what amount of restitution is properly counted against the government as a victim. Similarly, the record is devoid of competent, credible evidence that sustains the amount ordered. Put another way, the amount ordered was not truly undisputed. Thus, a reasonable attorney would have sought a hearing to clarify both issues. Moreover, it could be argued that it was plain error for the trial court to accept that figure, based on the factual circumstances in which it was presented.

{¶ 43} In addition, I would conclude that this prejudiced Appellant. In undertaking this analysis, we ask if there is a reasonable probability that but for these errors the result of the proceedings would have been different. *Strickland* supra. And under *Strickland* a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*. We distinguish this situation from one where the victim or state puts forward a determinate number, and then the defendant either explicitly or implicitly

concedes to the accuracy of that number. The record demonstrates that no party had a reasonable degree of certainty as to either the appropriateness of awarding restitution to a governmental entity or any certainty in the amount itself. The court's entry reflects that reality by imposing a range of restitution rather than a determinate number.

{¶ 44} The record thus reflects a reasonable probability that the amount awarded was not the actual loss sustained by victim. We know this because there is an expectation of some payment from an insurance policy, which would cover some of the economic loss under R.C. 2929.18. Beyond this obvious issue of ordering an amount beyond the compensable economic loss allowed by statute, the absence of any competent, credible evidence tends to show a complete failure of the adversarial process where presumption of prejudice could be appropriate. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

{¶ 45} I would therefore sustain the second assignment of error and find Appellant was prejudiced by counsel's failure to object and request a hearing on both the matter of Indian River's status as a victim entitled to restitution and the restitution amount. I therefore respectfully dissent.